B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Sammy L. Richards Pro Se | **DEFENDANTS** Wells Fargo N.A. McCalla Raymor P.C. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) NA | **ATTORNEYS** (If Known) NA |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☑ Other Attorney<br>☐ Trustee |

FILED IN CLERK BANKRUPTCY COURT NORTHERN DIST. GEORGIA JUL 02 2012 M. REGINA THOMAS CLERK

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Below

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☑ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| **Other Relief Sought** Sanctions FDCPA VIOLATIONS FRAUD UPON THE COURT WRONGFUL FORECLOSURE COMPLAIN TO AVOID LEIN NEGLEGENCE, DETREMENTAL RELIANCE ect. | |

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Sammy L. Richards | 09-69716 |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| | | WLH |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Sammy L. Richards | Wells-fargo McCalla Raymer | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| | | WLH |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*[signature]*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 07/02/2012 | Pro Se |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| SAMMY RICHARDS<br>Debtor/Plaintiff | ) Chap. 13 Case No:_09-69716_WLH_<br>)<br>)CASE NUM:_____ |
| v. | )<br>) |
| WELLS FARGO NATIONAL BANK<br>*NKA* WELLS FARGO BANK, N.A<br>and<br>MCCULLA RAYMOR PC.<br>Creditor/Defendants | )<br>)<br>)<br>)<br>) |

## ADVERSARY COMPLAINT

Debtor, Sammy Richards (hereinafter referred to as "Plaintiff, by and through his duly authorized counsel, seeks declaratory and injunctive relief as well as sanctions and damages, against Creditor, Wells Fargo National Bank, for engaging in bad faith and fraudulent conduct that abused the judicial process and rights of the Plaintiff.

### PARTIES

**1.**

Plaintiff Sammy Richards, is the Debtor who lawfully filed for Chapter 13 relief and protection in this court on April 14, 2009.

**2.**

Defendant, Wells Fargo National Bank, also known as Wells Fargo Home Mortgage is a corporation located at I Home Campus, Des Moines, IA 50328. Defendant can be served additionally at its corporate location at 40 Technology Parkway South, Suite 300, Norcross GA 30092,



1

## JURISDICTION AND VENUE

3.

This adversary proceeding is related to In Re: Sammy Richards, a current Chapter 13 case administered by this Court, docketed as case number 09-69716-WLH.

4.

Defendant, Wells Fargo Bank, N.A. submitted itself to the jurisdiction of this court by filing a "Motion for Relief from Stay..." on September 28, 2010. A copy of the docket highlighting Defendant's entry is attached as Exhibit A to this complaint.

5.

This adversary proceeding is initiated under Federal Rules of Bankruptcy Procedure 7001(1), 7001(2), 7001(6), and 7001(9), Federal Rules of Bankruptcy Procedure § 9024, Federal Rules of Civil Procedure § 60(b), and 28 U.S.C §§157, and 1334, and as such jurisdiction is proper.

6.

This is a core proceeding under 28 U.SC. § 157 (b)(2)(C) and (E). Venue is proper pursuant to 28 U.S.C. § 1409 (a).

## FACTS

7.

Plaintiff filed for Chapter 13 Bankruptcy Petition on April 13, 2009. At the time of tiling, Plaintiff was the owner of certain residential property located at 530 Brenston Boulevard, Ellenwood, Georgia 30294 (hereinafter referred to as the "Property")

8.

Defendant at all times prior to and after tiling claimed to own a security interest in tl1e property by way of securing a mortgage on said property. Because of the alleged security interest, Plaintiff made timely payments on a monthly basis to the Defendant for the mortgage, even after filing for Chapter 13 protection.

9.

On or about June 2, 2009, Defendant contacted the United States Trustee (herein referred to as the "Trustee") for the United States Bankruptcy Court, Northern District Court of Georgia, Atlanta Division, and complained of delinquency by the Plaintiff of monthly mortgage for May 2009 and June 2009.

10.

The United States Trustee contacted Debtor's Attorney regarding the issue of nonpayment. Debtor provided proof of said payments to display tl1at Defendant had clearly erred in their belief or misrepresented the facts. No action was undertaken by either party alter Plaintiff had provided proof of said payment.

11.

On September 28, 2010, Defendant filed a "Motion for Relief from Stay" for an alleged delinquency by Plaintiff regarding August and September 2010 mortgage payments. A hearing on this motion was set for October 20, 2010.

12.

Plaintiff once again provided proof of August and September 2010 mortgage payments to Defendant. A copy of the statement evidencing Defendant's application of the payments.

13.

At his then attorney's advice, Plaintiff did not attend the hearing, believing that providing proof of payment would satisfy Defendant's request. Notwithstanding this evidence of payment, Defendant did not withdraw its motion, and instead attended the hearing uncontested. As a result, Defendant was improperly awarded relief from the automatic Stay (hereinafter referred to as the "Stay").

14.

Armed with the relief from the Stay, Defendant attempted to strong-arm Plaintiff into paying $1,400.00 per month for six months to clear up arrearages and prevent foreclosure. Instead of acquiescing to Defendant's egregious demands, Plaintiff opted to participate in tl1e "Make Home Affordable Program under the new Financial Stability Act of 2009.

15.

Plaintiff hired an independent and licensed company assisting applicants in complying with the Federal Program. Plaintiffs file was certified by the company and proposed to Debtor.

16.

Based on the Defendant's alleged security interest and mortgage on Plaintiffs property.

17.

Upon review of the documents, it was apparent that Defendant had forged signatures on the security deed; clearly evidencing a lack of a validly secured interest on Plaintiffs property.

18.

Despite the forged security deed, Defendant scheduled and commenced foreclosure on Plaintiffs property for April 5, 2011. Furthermore, Defendant demanded that Plaintiff leave his residence immediately. A copy of Defendant's letter is attached as Exhibit C to this complaint.

19.

Plaintiff's attorney sent Defendant correspondence, demanding that Defendant desist from all foreclosure actions and proceedings. A copy of the letter is attached as Exhibit D to this complaint.

20.

In addition, Plaintiffs Attorney sent another letter to Defendant demanding that the foreclosure be rescinded because of the forged document. A copy of this letter is attached as Exhibit E to this complaint. Defendant responded on July 25, 2011 stating that the "sale is being rescinded." See Exhibit E to this agreement.

21.

Despite not holding a secured interest on the property, Defendant filed a "Complaint For Declaratory Judgment" in the Superior Court Of Clayton County, State of Georgia on December 6, 2011. Plaintiff responded with a "Motion to Stay Proceedings," on because Plaintiff had concurrently filed a "Motion to Set Aside [A]n Order..." in this Court to vacate Defendant's relief from the Stay.

4

## COUNT I: INVALID SECURITY INTEREST
## COMPLAINT AVOIDING JUDICIAL LIEN PURSUANT 11 U.S.C. 522(f)

22.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 21 of this Adversary Complaint as if the same were set forth verbatim herein.

23.

Defendant filed "Motion for Relief from Stay...", witl1out holding a secured interest on Plaintiff" s property.

24.

To be a secured creditor status in bankruptcy, the Creditor must hold a valid secured interest.

25.

Upon review of documentation provided by Defendant, it was discovered that Defendant forged the security deed with which Defendant used to in claiming status as a secured creditor on the property.

26.

Plaintiff under the mistaken belief that Defendant held a secured interest on the property, continued providing monthly mortgage payments to the Defendant through September, 2010.

27.

Because Defendant was not a secured creditor on Plaintiffs property, Defendant did not possess standing to request relief from the Stay as a secured creditor, nor obtain a judgment for said relief.

28.

In requesting relief Defendant knowingly and maliciously withheld the material fact that it did not possess a secured interest on the Plaintiff s property.

## COUNT II : FRAUD UPON THE COURT
## VIOLATION OF RULE 11 AND BANK. R. 9011

29.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 28 of this Adversary Complaint as if the same were set forth verbatim herein.

30.

The entry of judgment on October 26, 2010 by this Court should be vacated because it was granted as a result of material misrepresentations and fraudulent pretenses by the Defendant.

31.

Plaintiff executed mortgage payments for May & June 2009, and August & September 2010 to the satisfaction of the Defendant. In addition, Plaintiff provided proof of said payments to Defendant.

32.

Defendant and its counsel were under a duty to disclose said payments made by Plaintiff to this Court.

33.

Defendant purposefully failed to disclose evidence of Plaintiff's payments to this Court. Instead, Defendant filed a "Motion for Relief from Stay..." against Defendant.

34.

Defendant knowingly and maliciously withheld the information from the court in its effort to obtain relief from the Stay and commence foreclosure proceedings.

35.

Defendant's withholding of material information constitutes fraud upon this Court;

## COUNT III: VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT
## 42 U.S.C. 1981, 1983, 1985, 1986

36.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 35 of this Adversary Complaint as if the same were set forth verbatim herein.

37.

The entry of judgment on October 26, 2010 by this Court should be vacated because Defendant violated the Fair Debt Collection Practices Act § 15 U.S.C 1692.

38.

A debt collector may not use any false, deceptive, or misleading representations in the collection of any debt. See generally 15 U.S.C 1692(e).

39.

False representation includes the "character, amount, or legal status of any debt." See § 15 U.S.C 1692(e)(2)(A).

40.

Defendant knowingly and maliciously misrepresented to this Court and the Plaintiff that it possessed an enforceable security interest on Plaintiff s property.

41.

Defendant pursued and accepted monthly mortgage payments from Plaintiff in violation of § 15 U.S.C 1692.

42.

Defendant pursued and obtained a relief from the automatic Stay in violation of § 15 U.S.C 1692.

## COUNT IV: COMPLAINT TO SET-ASIDE THIS COURTS ORDER MODIFYING STAY
## PURSUANT TO FED.R.CIV.P. RULE 60

43.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 42 of this Adversary Complaint as if the same were set forth verbatim herein.

7

Plaintiff seeks to set-aside the orders of this Court modifying the automatic stay pursuant to Rule 60 and applicable laws and bankruptcy rules as the rule allows a independent action separate and apart from a motion to set-aside this Court's orders.

## COUNT V: WRONGFUL FORECLOSURE, DETREMENTAL RELIANCE, NEGLEGENCY, COMMON LAW FRAUD AND BREACH OF A THIRD PARTY CONTRACT

44.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 42 of this Adversary Complaint as if the same were set forth verbatim herein.

Plaintiff incorporates the facts and exhibits on the record in his motion to set-aside the order relieving stay and his motion for reconsideration in support of claims COUNTS I-V, also in regards to the Defendants actions in not complying with the Federal RMA Program (makinghomeaffordabl.com) or Federal HAMP Program.

## DAMAGES

45.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 42 of this Adversary Complaint as if the same were set forth verbatim herein.

Defendant, as a national lender of secured loans, continually asserts claims against Debtors similar to Plaintiff seeking payment, and tiling motions for relief from the automatic Stay, while not possessing secured interest on Debtors' properties.

The actions of the Defendant and it's counsel constitute fraud upon the Debtor and this Court.

46.

The actions of the Defendant and it's counsel were fraudulent, willful and malicious; therefore entitling Plaintiff to Punitive damages.

47.

Since September 2010, Plaintiff has suffered irreparable harm in connection with the fraudulent and unfair actions by the Defendant and it's counsel.

8

**48.**

Since September 2010, Plaintiff has incurred significant attorney's fees in connection with their fraudulent and unfair actions by the Defendant and it's counsel.

**49.**

Since September 2010, Plaintiff has incurred significant emotional distress as a result of humiliation and embarrassment in connection with the willful and malicious actions by the Defendant and it's counsel.

Therefore because of the Defendant's actions this Debtor has lost his health, his wife, his two children, and now stands to lose his home he files this adversary complaint to recover his loses.

WHEREFORE, Plaintiff requests that this court provide the following relief

(a) Declare that Defendant's secured interest on Plaintiffs property does not exist; to the extent Defendant possesses any interest, it be declare that Defendant's interest is that of an unsecured creditor;

(b) In addition, declare that Plaintiff possesses the property located at 530 Brenston Boulevard, Ellenwood, GA 30294, free and clear lien any interest claimed by the Defendant.

(c) For permanent injunction relief, enjoining Defendant from pursuing any and all actions, including the foreclosures proceedings, related to this action, against Plaintiff or his property.

(d) That Plaintiff have and recover actual damages incurred as a result of the actions by Defendant and it's counsel(s).

(e) That Plaintiff have and recover statutory damages incurred as a result of the actions by Defendant and it's counsel(s).

(f) That Plaintiff have and recover punitive damages incurred as a result of Defendant and it's counsels' willful and malicious actions.

(g) That Plaintiff have and recover damages for emotional distressed incurred as a result of the actions by Defendant and it's counsel(s).

(h) impose sanctions against Defendant and it's counsel(s) as a result of their actions

(i) That Plaintiff recover $8,000.00 thus far and the legal costs and attorney fees associated with this action as a result of the actions by Defendant and it's counsel(s).
That this Court award actual, compensatory, and punitive damages in the amount of $500,000.00

(j) For such other and further relief as the Court deems just and proper under the circumstances.


Respectively submitted this July 2nd, 2012.

Sammy L. Richards
530 Brenston Blvd.
Ellenwood, Ga. 30294-4905
404-200-0787

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 2nd, 2012, I have served this motion on the below named Creditors via U.S. Mail on the named date at the address below.

## ADVERSARY COMPLAINT

1. WELLS FARGO Bank, N.A.
C/O Diment Carroll LLP, Ga. Bar No. 286343
Michael A. Dominy, Ga. No. 225335
412 Adamson Square
Carrolton, Ga. 30117

2. WELLS FARGO BANK NATIONAL ASSOCIATION
CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH
SUITE 300
NORCROSS GA 30092

3. Nancey J. Whaley
Chapter 13 Trustee
Suite 120, Suntrust Plaza Garden
303 Peachtree Center Ave., N.E.
Atlanta, Ga. 30303

4. SUPERIOR COURT OF CLAYTION CO. GEORGIA,
Jacquline D. Wills, Clerk 9151 Tara Boulevard,
Jonesboro, Georgia 30236-4912.

5. Mc CULL RAYMOR.

*Sammy L Richard,*
P.O. Box 162366
Atlanta, GA. 30321
7-2-2012

11

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMMY RICHARDS | ) Case No:_09-69716_WLH_ |
| Debtor/Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| WELLS FARGO NATIONAL BANK | ) |
| *NKA* WELLS FARGO BANK, N.A | ) |
| and | ) |
| MCCULLA RAYMOR PC. | ) |
| Creditor/Defendants | ) |

**VERIFICATION AND AFFIDAVIT**

Personally appeared before me and officer duly authorized to administer oaths, came SAMMY L. RICHARDS who states under oath that he is the Plaintiff named above in the forgoing adversary complaint and that the facts contained in the forgoing complaint are true and correct.

_____
SAMMY L. RICHARDS

Sworn to and subscribed before me
this 2nd day of July, 2012

_____ Notary Public

My Commission Expires _11_ / _04_ / _2013_

VICKIE L HEATH
Notary Public
Henry County
State of Georgia
My Commission Expires Nov 4, 2013