**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

SAMMY RICHARDS                    ) Chap. 13 Case No:_09-69716_WLH_
Debtor/Plaintiff,                 )
                                  )CASE NUM: *1205345*
v.                                )
                                  ) *1st Amendment*
                                  )
WELLS FARGO NATIONAL BANK         )
*NKA* WELLS FARGO BANK, N.A       ) **JURY TRIAL DEMANDED**
and                               )
MCCULLA RAYMOR PC.                )
Creditor/Defendants               )

## ADVERSARY COMPLAINT

Comes now Debtor, Sammy Richards (hereinafter referred to as "Plaintiff, and seeks declaratory and injunctive relief as well as sanctions and damages, against Creditor, Wells Fargo National Bank, and their attorneys McCulla Raymor for engaging in bad faith and fraudulent conduct whereby they abused the judicial process and rights of the Plaintiff. Plaintiff files his first Amended Complaint pursuant to Rule 15 (a)(1)(A) in order to plead with more particularity his claims herein.

The Plaintiff therefore provides incontrovertible evidence in order to guard against a anticipated Rule 12(b) motion to dismiss and assuming the Defendants will attempt to deny what is prima facia proof and evident on its face, of their willful acts. Subsequently the Plaintiff's Complaint therefore undoubtedly establishes the need for a jury trial.

The Plaintiff's Amended Complaint "must be accepted as true and construed in the light most favorable to Plaintiff". See: Young Apartments. _Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. Fla. 2008)._ Also "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." _Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)_ (quotation omitted).

The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. _Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)._ Plaintiff has therefore plead specific and sufficient facts and  prove **every** set of facts in support of his claim which would entitle him to relief." See: _Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)._ Therefore his Complaint should not be subject to a motion to dismiss. (emphasis added)

Finally because the Plaintiff has swore under the penalty of perjury that the foregoing statements are true, the Plaintiff's statements were transformed from "mere allegations" of pleadings into "specific facts" See: _U.S.C.A. 1746_ also see: _McNeal v. Macht, 763 F. Supp. 1458._

## **PARTIES**

1.

Plaintiff Sammy Richards, is the Debtor who lawfully filed for Chapter 13 relief and

protection in this court on April 14, 2009.

### 2.

Defendant, Wells Fargo National Bank, also known as Wells Fargo Home Mortgage is a corporation located at I Home Campus, Des Moines, IA 50328. Defendant can be served additionally at its corporate location at 40 Technology Parkway South, Suite 300, Norcross GA 30092,

### JURISDICTION AND VENUE

### 3.

This adversary proceeding is related to In Re: Sammy Richards, a current Chapter 13 case administered by this Court, docketed as case number 09-69716-WLH.

### 4.

Defendant, Wells Fargo Bank, N.A. submitted itself to the jurisdiction of this court by filing a "Motion for Relief from Stay..." on September 28, 2010. A copy of the docket highlighting Defendant's entry is attached as **Exhibit A** to this complaint. SEE: Docket 09-69716-WLH

### 5.

This adversary proceeding is initiated under Federal Rules of Bankruptcy Procedure 7001(1), 700l(2), 700l(6), and 7001(9), Federal Rules of Bankruptcy Procedure § 9024, Federal Rules of Civil Procedure § 60(b), and 28 U.S.C §§157, and 1334, and as such jurisdiction is proper.

### 6.

This is a core proceeding under 28 U.SC. § 157 (b)(2)(C) and (E). Venue is proper pursuant to 28 U.S.C. § 1409 (a).

### BRIEF FACTS ABOUT THE PLAINTIFF AND THE CASE

### 7.

Plaintiff was a single farther who raised his three children to maturity (two daughters and a son) in this home at 530 Brenston Boulevard. Plaintiff remarried his wife and persuaded her to move from the Philippines to America because he had a stable home in

which to bring her to. Even when the economy took a down turn for everyone and he had to file for Ch. 13 bankruptcy, he took pride in keeping his payments current, that was until the rough Defendants brought their lawless practices to Georgia and without regard, employed them in an attempt to take the one home the Plaintiff stove so hard to keep. Their attempts ultimately lead to the divorce of the Plaintiff and the lose of his two youngest daughters, who has ended up being raise for the formative years of their life in the Philippines.

8.

Because of the alleged security interest, that the Defendants claim in the Plaintiff's property. Plaintiff made timely payments on a monthly basis to the Defendant for the mortgage, even after filing for Chapter 13 protection.

9.

On or about June 2, 2009, Defendant contacted the United States Trustee (herein referred to as the "Trustee") for the United States Bankruptcy Court, Northern District Court of Georgia, Atlanta Division, and complained of delinquency by the Plaintiff of monthly mortgage for May 2009 and June 2009.

10.

The United States Trustee contacted Debtor's Attorney regarding the issue of nonpayment. Debtor provided proof of said payments to display that Defendant had clearly erred in their belief or misrepresented the facts. No action was undertaken by either party after the Plaintiff had provided proof of said payment.

11.

On September 28, 2010, Defendant through their attorneys McCalla Raymer filed a "Motion for Relief from Stay" for an alleged delinquency by Plaintiff regarding August and September 2010 mortgage payments. A hearing on this motion was set for October 20, 2010.

12.

Plaintiff once again provided proof of August and September 2010 mortgage payments to

Defendant. The Plaintiff also has herein provided copy of the statement he received from the defendants (as a result of a reply to a Qualified Written Request sent to the defendants by the Plaintiff) evidencing Defendant's application of the payments. **See: Exhibit B**

### 13.

At his then attorney's advice, Plaintiff did not attend the hearing, believing that providing proof of payment would satisfy Defendant's request. Notwithstanding this evidence of payment, Defendant did not withdraw its motion, and instead attended the hearing uncontested. As a result, Defendant was improperly awarded relief from the automatic Stay (hereinafter referred to as the "Stay").

### 14.

Armed with the relief from the Stay, Defendant attempted to strong-arm Plaintiff into paying $1,400.00 per month for six months to clear up arrearages and prevent foreclosure. Instead of acquiescing to Defendant's egregious demands, Plaintiff opted to participate in the "Make Home Affordable Program under the new Financial Stability Act of 2009.

### 15.

 Plaintiff hired an independent and licensed company assisting applicants in complying with the Federal Program. Plaintiffs file was certified by the company and proposed to Defendants.

### 16.

 Based on the Defendant's alleged security interest (security deed) and mortgage on Plaintiffs property.

### 17.

Upon review of the documents, it was apparent that Defendant had forged signatures on the security deed; clearly evidencing a lack of a valid secured interest on Plaintiffs property.

### 18.

Despite the forged security deed, Defendant through their attorney's Stven and Stevens scheduled and commenced foreclosure on Plaintiff's property for April 5, 2011. Furthermore, Defendant demanded that Plaintiff leave his residence immediately.

### 19.

Plaintiff`s attorney sent Defendant correspondence, demanding that Defendant desist from all foreclosure actions and proceedings.

20.

In addition, Plaintiffs Attorney sent another letter to Defendant demanding that the foreclosure be rescinded because of the forged document. Defendant responded on July 25, 2011 stating that the "sale is being rescinded".

21.

Despite not holding a secured interest on the property, Defendant filed a "Complaint For Declaratory Judgment" in the Superior Court Of Clayton County, State of Georgia on December 6, 2011. Plaintiff responded with a "Motion to Stay Proceedings," on because Plaintiff had concurrently filed a  "Motion to Set Aside [A]n Order..." in this Court to vacate Defendant's relief from the Stay.

## FACTS OF PLAINTIFF'S CASE PLEAD WITH PARTICULARITY

### [1] FIRST INSTANCE OF FRAUD

On or about June 2, 2010, the Creditors obviously contact the United States Trustee complaining the Debtor was delinquent on May and June mortgage payments on his home at 530 Brenston Blvd. Ellenwood Ga. 30294. Therefore leaving the Creditors without adequate protection. The Debtor was later informed that the Creditor had for-knowledge or should have had information, that proved the Debtor was in fact not behind on his payments to the Creditor.

22.

The United States Trustee contacted the Debtors attorney at that time Brien Nelson

(of Robert Semrad and Associates, LLC.) with this issue of non-payment. Attorney Brein

Nelson contacted the Debtor via mail stating that he needed to provide proof of such

payments or his bankruptcy case "will be in danger of being dismissed". **SEE: Docket**

**attached to the Motion to Set-aside as Exhibit "A" (Letter from Brien Nelson)**

23.

The Debtor provided the proof of paid payments for May, and mailed via U.S. mail a

copy of June payment to his Attorney G. Scott Buff (of Robert Semrad and Associates, LLC.).

**SEE: Docket attached to the Motion to Set-aside as Exhibit "B" (Proof of May payment**

**(Proof of June payment will be supplemented hereto))**

24.

## [2] SECOND INSTANCE OF FRAUD

The Creditor again informed the Plaintiff's Attorney that the Debtors was delinquent

on his mortgage payments for August 2010 and September 2010 opting to filed a Motion

for Relief of Stay with this Court on October 26, 2010.

25.

The Creditor's Motion for Relief from Automatic Stay was scheduled for hearing on

October 20, 2010. **SEE: Docket attached to the Motion to Set-aside as Exhibit "C"**

**(Creditor's Motion for Relief of Stay)** Debtor questioned Creditor's allegations of being

7

delinquent on his payments and provided proof of his payments to the Creditor.   **SEE:**
**Docket attached to the Motion to Set-aside as Exhibit "D" (Proof of payments provided to**
**the Creditor)**

26.

Therefore Debtor did not have his attorney appear at the hearing taking his attorneys
advice that because he did not have to appear and that his attorney would provide the
proof payments to the Court. Therefore at the time Plaintiff thought it better even though
he wasn't behind on his payments to try to lower his payments. This Court granted the
Creditor's Motion on October 26, 2010 as being uncontested. **SEE: Docket attached to the**
**Motion to Set-aside as Exhibit "E" (Order for Relief of Stay)**

27.

The Debtor's attorney Mathew J. Cherney (of Robert Semrad and Associates, LLC.)
stated that the Creditors had demanded that he pay $1,400.00 per month for, six months to
clear up the arrearage and prevent foreclosure. The Debtor declined to pay the extra
payments and decided to take advantage the new Federal RMA Program
(makinghomeaffordabl.com) in order to modify his loan and lower payments.

28.

Debtor hired Americas First, a company assisting applicants in compiling with the

RMA Program requirements. Americas First provided the Law Firm of Gerard & Castro of Irving Ca to certify such compliance. The Law firm certified that the application did meet all Federal Guide Lines and proposed to the Creditor, Wells Fargo that the Debtor was qualified for a modification of his loan and that his loan should be reduced from a 6.25% interest rate to a approx. a 3.00% interest rate.

### [3] THIRD INSTANCE OF FRAUD

Instead of responding to the Certificate of Compliance with the RMA Program in good faith. The Creditor, Wells Fargo sent a internal loan modification proposal on December 28, 2010, offering the Debtor only a $16.22 reduction in his monthly payments from $948.94 to $932.72, with a down payment $1,139.14 and a interest rate of 5.25%. Because at this point the Debtor had not made a payment since August 2010, as required by the RMA Program that a homeowner be behind on his mortgage payments before the home owner was qualified for the Program. This was blatant fraudulent and unfair and deceptive trade practices to not "respond" or comply with the Federally sponsored RMA Program. The Debtor knew that the Bank had set him up to be foreclosed upon, as he had spoken to other homeowners who were in the same situation.

Debtor therefore terminated attorney Mathew J. Cherney's representation and hired

attorney Natalie Rowland in anticipation of the Creditor's foreclosure proceedings.

29.

## [4] FOURTH INSTANCE OF FRAUD

The Creditors in about January 2011 started foreclosure proceedings against the Debtor. The Debtor through his attorney Natalie Rowland responded with a QWR (Qualified Written Request). In reply the Creditor's sent copies of certain documents, amongst those documents was a "forged Security Deed" that included a forged signature of the "official witness and of the notary republic signature".

---

*The Debtor tendered the September payment, but the Creditor "would" not cash the check, so the Debtor canceled the check as he knew this was the Creditor orchestrating a missed payment against the Debtor. As stated below the Debtor believed the RMA Program would put him and the Bank back in good relationship with the Federal Government as the watch-dog, to the Debtor's dismay, the RMA Program is a dog with no teeth.*

---

*The Court should give judicial notice that this is the second incident of "false" claims, that the Debtor had missed mortgage payments. And that after the first time the Creditors made these claims of (non-payment), and the Debtor proved them incorrect, the Creditors had the obligation to investigate pursuant to Rule 11, their internal records to confirm that the Debtor was actually behind on his payments. Instead the Creditors filed a Motion to Relieve the Automatic Stay, and when the Debtor once again proved their claims wrong,-continued to a hearing and prosecuted the motion, instead of alerting the Court that the payments had been paid which is a "material fact" that all attorneys "must" reveal to the Court pursuant to Rule 11(b).*

This was to the Debtor's surprise, because he had been supplied a copy of his security deed after the closing, that was not notarized or contained a signature of a unofficial witness. *SEE:* **Docket attached to the Motion to Set-aside as** *Exhibit "F" (Security Deed of Debtor-without signatures) and Exhibit "G" (Security Deed with signatures of unofficial witness and notary)*

The Creditors at this present time have not filed the Deed under Power, but have affirmed that they did foreclose on the Debtor's property on April 5, 2011 and later stated they rescinded the foreclosure on July 25, 2011. **See: Docket attached to the Motion to Set-aside as Exhibit "H"(Desist Letter of Attorney Rowland, Wells Fargo Eviction Letter, Recention Letter & 1099A)**

30.

The Creditors have claimed to foreclosed on the Debtor's home on April 5, 2011. The Debtor filed a affidavit of forgery (claiming alteration of the Security Deed by the Creditors see: O.C.G.A. 44-2-23 & 11-3-407) in the Clayton County Superior Court over these issues on

June 27, 2011. On December 06, 2011 the Creditors filed a Complaint for Declaratory Judgment in Clayton County Georgia to avoid this Court's jurisdiction and to prevent

---

*Gordon v. Wells Fargo (2009) supra, certified the question of the interpretation of the 1995 amendments to O.C.G.A. § 44-14-33 and the question of nullification of defective security deeds by non-compliance to the requirements of O.C.G.A. § 44-14-33.*

avoidance of the [security deed]. Seeing these issues are Federal in nature such as HUD, FHA, and Fair Debt Collection Practices Act violations ect. therefore the U.S. Bankruptcy Court jurisdiction is appropriate.

Therefore because the Creditor perpetrated fraud upon this Court in order to remove its jurisdiction and the automatic stay. Therefore the actions of the Creditors have made the

Order of this Court on October 26, 2010 void and therefore vesting proper jurisdiction in this Court. "[A] federal court 'may entertain a collateral attack on a state court judgment (or it's on judgment) which is alleged to have been procured through fraud, deception, accident, or mistake . . . .'" *Resolute Insurance Co. v. State of North Carolina, 397 F.2d 586, 589 (4th Cir. 1968); Sun Valley, 801 F.2d at 189.* emphasis *add*

## III.   **Application of Law to Facts and Relief Sought**

Creditor (Wells Fargo) has failed to demonstrate that they "established" that their claims were grounded in fact.

---

*O.C.G.A. 11-3-407  (a) "Alteration" means (i) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party; or (ii) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party. (b) Except as provided in subsection (c) of this Code section, an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration. No other alteration discharges a party, and the instrument may be enforced according to its original terms. (c) A payor bank or drawee paying a fraudulently altered instrument or a person taking it for value, in good faith and without notice of the alteration, may enforce rights with respect to the instrument (i) according to its original terms; or (ii) in the case of an incomplete instrument altered by unauthorized completion, according to its terms as completed. TEEL et al. v. TRUST COMPANY BANK. A94A2792 (216 Ga. App. 493)(455 SE2d 312)(1995)*

31.

Under these now recorded circumstances, the entry of this Court's October 26, 2010

Order granting Creditor's Motion for Relief From Automatic Stay was a mistake based on

the misrepresentations of Creditor ab initio, thus justifying the vacation of the subject Order

pursuant to Fed.R.Civ.P. 60(b)(1). The material omissions and misrepresentations of Creditor

constitute fraud, misrepresentation, and misconduct by Creditor, thus warranting the

vacation of this Court's October 26, 2010 Order pursuant to Fed.R.Civ.P. 60(b)(3).

As this Court's Order of October 26, 2010 was based on a premise which is

conclusively false, the subject Order granting relief from the automatic stay for Creditor to

pursue a foreclosure is void, warranting the vacation of the subject Order pursuant to

Fed.R.Civ.P. 60(b)(4). As the injustice resulting from the entry of this Court's October 26,

2010 Order is extraordinary, not anticipated by the Court at the time of entry of the October

26, 2010 Order, and as such harm is substantial and represents irreparable injury to the

Debtor which greatly outweighs any alleged "harm" to the Creditor (who had no authority

to inforce in the subject Security Deed), this Court's October 26, 2010 Order should be

vacated pursuant to Fed.R.Civ.P. 60(b)(6).

Debtor thus requests that this Court's October 26, 2010, Order be vacated and, if the

Court deems appropriate, that sanctions be entered against Creditor and any other

responsible party pursuant to Bankruptcy Rule 9011 and F.R.C.P. Rule 11(b).


## FRAUD UPON THE COURT

The actions of the Plaintiffs meet all of the elements of "fraud upon the court" and

for sanctions pursuant to Rule 11(b). **See: Rule 11(b)1-4**

32.

"Fraud on the court must involve an unconscionable plan or scheme which is

designed to improperly influence the court in its decision . . . ." *Davenport Recycling Assocs.*

*v. C.I.R., 220 F.3d 1255, 1262 (11th Cir. 2000)* (alleged fraud on tax court). "It has been

found only in those instances where the fraud vitiates the court's ability to reach an

impartial disposition of the case before it. To demonstrate the perpetration of fraud on the

court, one must have demonstrated an intentional scheme to perpetrate a fraud. Our law

requires the demonstration of a "plan or scheme . . . designed" to improperly influence the

court, which indicates that scienter is required.

The elements of a fraud upon the court are (1) conduct by an officer of the court (2)
directed towards the judicial machinery itself that is (3) intentionally false, willfully blind to
the truth or is in reckless disregard for the truth and (4) a positive averment or
concealment, when one is under a duty to disclose, and that (5) deceives the court.
*Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993).
The Ninth Circuit noted that "one species of fraud upon the court occurs when an
officer of the court' perpetrates fraud affecting the ability of the court or jury to impartially
judge a case." *Pumphrey v. Thompson Tool Co., 62 F.3d 1128, 1130 (9th Cir. 1995); see also*

14

*Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir. 1996) (noting that "fraud on the court should embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court") (citation omitted); *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 837 (11th Cir. 1980) (same).

33.

## RULE 11(b) SANTIONS AND ATTORNEY'S LIABILITY

The only issue to be determine at this point is weather the Creditors or their attorneys or both, were responsible for making these false claims to this Court.

In *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911 (11th Cir. 1982), the court held that a Title VII plaintiff is not relieved from liability for attorneys' fees by the fact that his attorney was primarily responsible for the fact that his lawsuit was frivolous, unreasonable, or without foundation. The court wrote: In virtually all actions without legal basis, and in many without factual basis, it will be the plaintiff's attorney who should first recognize the insufficiency of the case....

**Rule 11(b)**- requires that a party must investigate as well as *"certify"* that their pleadings are grounded in fact and *"the factual contentions have evidentiary support"* before signing such *"pleading"* and that such pleading are *"not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;"* In most cases, the court "may impose an appropriate sanction" for a violation of Rule 11. ***See: Rule 11(b)1-4***

"While the investigations may provide only weak support for the Plaintiff's allegation, Rule 11 does not require anything more." See *Baker v. Alderman*, 158 F.3d 516,

524 (11th Cir. 1998). "The Plaintiffs just need some evidence to support their factual allegations." *Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 32 n.14 (1st Cir. 2009).*

Finally because of the overt and incontrovertible fraud of the Creditors, this Court cannot allow them to profit from their own wrong, as they have unclean hands. "As a general rule, equity will not grant relief to a party who comes into court with unclean hands, or is guilty of an illegal or immoral act (Code 37-104, 37-112), nor aid a grantor or his administrator in seeking to cancel a security deed which was executed by him for the purpose of hindering, delaying, or defrauding creditors" or (in this case the Debtor). *M'Cleskey's Adm'rs. v. Leadbetter, 1 Ga. 551; Anderson v. Anderson, 150 Ga. 142 (103 S. E. 160).*

"These rules stem from the just and salutary principle that one will not be permitted to profit by his own wrong, and apply where a party is seeking the aid of equity in the enforcement of executory contracts or its aid under an executed contract". Cited in *FULLER v. FULLER, administratrix. 18755.(211 Ga. 201)(84 SE2d 665)(1954).*

We have noted that "[t]he equitable doctrine of unclean hands provides that one who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice or unfairness will appeal in vain to a court of conscience." *In re Garfinkle, 672 F.2d 1340, 1346 n.7 (11th Cir. 1982) (quotation and alteration omitted); see also United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005)* (indicating that "the doctrine of unclean hands is an equitable test that is used by courts in deciding equitable fate").

## COUNT I: INVALID SECURITY INTEREST
## COMPLAINT AVOIDING JUDICIAL LIEN PURSUANT 11 U.S.C. 522(f)
## VOIDNESS OF SECURITY DEED BECAUSE OF TENDER OF PAYMENT
## PURSUANT TO  O.C.G.A. Title 44

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 33 of this Adversary Complaint as if the same were set forth verbatim herein.

Defendant filed "Motion for Relief from Stay...", without holding a secured interest on Plaintiff" s property.

34.

To be a secured creditor status in bankruptcy, the Creditor must hold a valid secured interest.

35.

Upon review of documentation provided by Defendant, it was discovered that Defendant forged the security deed with which Defendant used to in claiming status as a secured creditor on the property.

36.

Plaintiff under the mistaken belief that Defendant held a secured interest on the property, continued providing monthly mortgage payments to the Defendant through September, 2010.

37.

Because Defendant was not a secured creditor on Plaintiffs property, Defendant did not possess standing to request relief from the Stay as a secured creditor, nor obtain a judgment for said relief.

38.

In requesting relief Defendant knowingly and maliciously withheld the material fact that it did not possess a secured interest on the Plaintiff s property.

## <u>COUNT II : FRAUD UPON THE COURT & FALSE CERTIFICATION</u>
## <u>& VIOLATION OF RULE 11 AND BANK. R. 9011</u>
## <u>BY ATTORNEYS MCALLA RAYMER AND THEIR PRINCPLE</u>

### 39.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 38 of this Adversary Complaint as if the same were set forth verbatim herein.

### 40.

The entry of judgment on October 26, 2010 by this Court should be vacated because it was granted as a result of material misrepresentations and fraudulent pretenses by the Defendant.

### 41.

Plaintiff executed mortgage payments for May & June 2009, and August & September 2010 to the satisfaction of the Defendant. In addition, Plaintiff provided proof of said payments to Defendant.

### 42.

Defendant and its counsel were under a duty to **investigate disclose** said payments made by Plaintiff to this Court. And to stop all prosecution of there claims.

### 43.

Defendant purposefully failed to disclose evidence of Plaintiff s payments to this Court. Instead, Defendant filed a "Motion for Relief from Stay..." against Defendant.

### 44.

Defendant knowingly and maliciously withheld the information from the court in its effort to obtain relief from the Stay and commence foreclosure proceedings.

### 45.

Defendant's withholding of material information constitutes fraud upon this Court;

## COUNT III: VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT
## 42 U.S.C. 1981, 1983, 1985, 1986

### 46.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 45 of this Adversary Complaint as if the same were set forth verbatim herein.

### 47.

The entry of judgment on October 26, 2010 by this Court should be vacated because Defendant violated the Fair Debt Collection Practices Act § 15 U.S.C 1692.

The act of sending the letter seeking to collect the unlawful charge triggers the violation of the FCCPA. See *Keele v. Wexler, 149 F.3d 589, 593 (7th Cir.1998); Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir.1985)* (both concerning violations of the Federal Debt Collection Practices Act by law [firms'] transmission of a letter). – See Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 896 So.2d 773 (Fla. 2007)

### 48.

A debt collector may not use any false, deceptive, or misleading representations in the collection of any debt. See generally 15 U.S.C 1692(e).

### 49.

False representation includes the "character, amount, or legal status of any debt." See § 15 U.S.C 1692(e)(2)(A).

### 50.

Defendant knowingly and maliciously misrepresented to this Court and the Plaintiff that it possessed an enforceable security interest on Plaintiff s property.

### 51.

Defendant pursued and accepted monthly mortgage payments from Plaintiff in violation of § 15 U.S.C 1692.

### 52.

Defendant pursued and obtained a relief from the automatic Stay in violation of § 15 U.S.C 1692.

## COUNT IV: COMPLAINT TO SET-ASIDE THIS COURTS ORDER MODIFYING STAY
## PURSUANT TO FED.R.CIV.P. RULE 60

53.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 52 of this Adversary Complaint as if the same were set forth verbatim herein.

Plaintiff seeks to set-aside the orders of this Court modifying the automatic stay pursuant to Rule 60 and applicable laws and bankruptcy rules as the rule allows a independent action separate and apart from a motion to set-aside this Court's orders. SEE: *Belton v. U.S., No. 07-C-925, 2008 U.S. Dist. LEXIS 68964, at \*34–35 (E.D. Wis. June 2, 2008)* (unpublished) (motion under Rule 60(b) is not a strike; statute "does not apply to motions, only 'actions' or 'appeals'").

## COUNT V: WRONGFUL FORECLOSURE, DETREMENTAL RELIANCE, NEGLEGENCY, COMMON LAW FRAUD AND BREACH OF A THIRD PARTY CONTRACT

54.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1 through 53  of this Adversary Complaint as if the same were set forth verbatim herein.

 Plaintiff justifiably relied upon the alleged misrepresentation. Plaintiff reliance on the possibility of a loan modification and the fact that could have cured the arrearage on the loan through the bankruptcy shows due diligence by the Plaintiff which is justifiable to support a claim for detrimental reliance as a matter of law in Georgia." See: *Hartsfield v. Union City Chrysler-Plymouth, 218 Ga. App. 873, 876 (1995).*

Plaintiff incorporates the facts and exhibits on the record in his motion to set-aside the order relieving stay and his motion for reconsideration in support of claims COUNTS I-V, also in regards to the Defendants actions in not complying with the Federal RMA Program (makinghomeaffordabl.com) or Federal HAMP Program. See: *Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005)* (holding that "a document outside the four comers of the complaint may still be considered if it is central to the plaintiffs claims and it is undisputed in terms of authenticity"); *Brooks v. Blue Cross & Blue Shield of Fla., Inc. 116 F .3d 1364, 1368 (11th Cir. 1997); Breckenridge Creste Apartments, Ltd. v. Citicorp Mortgage,*

*Inc., 826 F. Supp. 460, 464 (ND. Ga. 1993), aff'd mem., 21 F.3d 1126 (11th Cir. 1994)* (table
decision)

## DAMAGES

### 55.

Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1
through 54 of this Adversary Complaint as if the same were set forth verbatim herein.

Defendant, as a national lender of secured loans, continually asserts claims against Debtors
similar to Plaintiff seeking payment, and filing motions for relief from the automatic Stay,
while not possessing secured interest on Debtors' properties.

The actions of the Defendant and it's counsel constitute fraud upon the Debtor and this
Court.

### 56.

The actions of the Defendant and it's counsel were fraudulent, willful and malicious;
therefore entitling Plaintiff to Punitive damages.

### 57.

Since September 2010, Plaintiff has suffered irreparable harm in connection with the
fraudulent and unfair actions by the Defendant and it's counsel.

### 58.

Since September 2010, Plaintiff has incurred significant attorney's fees in connection with
their fraudulent and unfair actions by the Defendant and it's counsel.

### 59.

Since September 2010, Plaintiff has incurred significant emotional distress as a result of
humiliation and embarrassment in connection with the willful and malicious actions by the
Defendant and it's counsel.

Therefore because of the Defendant's actions this Debtor has lost his health, his wife, his two children, and now stands to lose his home he files this adversary complaint to recover his loses.

## JURY TRIAL DEMANDED

The Plaintiff demands a Jury Trail in this case.

WHEREFORE, Plaintiff requests that this court provide the following relief

(a) Declare that Defendant's secured interest on Plaintiffs property does not exist; to the extent Defendant possesses any interest, it be declare that Defendant's interest is that of an unsecured creditor;

(b) In addition, declare that Plaintiff possesses the property located at 530 Brenston Boulevard, Ellenwood, GA 30294, free and clear lien any interest claimed by the Defendant.

(c) For permanent injunction relief, enjoining Defendant from pursuing any and all actions, including the foreclosures proceedings, related to this action, against Plaintiff or his property.

(d) That Plaintiff have and recover actual damages incurred as a result of the actions by Defendant and it's counsel(s).

(e) That Plaintiff have and recover statutory damages incurred as a result of the actions by Defendant and it's counsel(s).

(f) That Plaintiff have and recover punitive damages incurred as a result of Defendant and it's counsels' willful and malicious actions.

(g) That Plaintiff have and recover damages for emotional distressed incurred as a result of the actions by Defendant and it's counsel(s).

(h) impose sanctions against Defendant and it's counsel(s) as a result of their actions

(i) That Plaintiff recover $8,000.00 thus far and the legal costs and attorney fees associated with this action as a result of the actions by Defendant and it's counsel(s). That this Court award actual, compensatory, and punitive damages in the amount of

$500,000.00

(j) For such other and further relief as the Court deems just and proper under the circumstances.

Respectively submitted this July 27nd, 2012.

Sammy L. Richards
530 Brenston Blvd.
Ellenwood, Ga. 30294-4905
404-200-0787

## CERTIFICATE OF SERVICE

I hereby certify that on July 27th, 2012, I have served this motion on the below named Creditors via U.S. Mail on the named date at the address below.

## ADVERSARY COMPLAINT

1.  WELLS FARGO Bank, N.A.
C/O Diment Carroll LLP, Ga. Bar No. 286343
Michael A. Dominy, Ga. No. 225335
412 Adamson Square
Carrolton, Ga. 30117

2. WELLS FARGO BANK NATIONAL ASSOCIATION
CORPORATION SERVICE COMPANY
40 TECHNOLOGY PARKWAY SOUTH
SUITE 300
NORCROSS GA 30092

3. Nancey J. Whaley
Chapter 13 Trustee

Suite 120, Suntrust Plaza Garden
303 Peachtree Center Ave., N.E.
Atlanta, Ga. 30303

4. Mc CALLA  RAYMOR.

Respectively submitted this July 27th, 2012.

Sammy L. Richards
530 Brenston Blvd.
Ellenwood, Ga. 30294-4905
404-200-0787